No. 23-1592

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

THE WILDERNESS SOCIETY,
Petitioner,

v.

UNITED STATES FOREST SERVICE, ET AL.,
Respondents.

# MOUNTAIN VALLEY PIPELINE, LLC'S UNOPPOSED MOTION FOR LEAVE TO INTERVENE AS RESPONDENT

Pursuant to Rules 15(d) and 27 of the Federal Rules of Appellate Procedure, Mountain Valley Pipeline, LLC (MVP), by counsel, hereby moves for leave to intervene as Respondent in the above-captioned case. No party opposes this motion.

## I. INTRODUCTION

On May 15, 2023, the United States Forest Service (Forest Service) issued a Record of Decision for the Mountain Valley Pipeline Project (Project). On June 1, 2023, Petitioner filed a petition for review of the Record of Decision in this Court. MVP moves to intervene because it has significant interests that could be adversely affected by this Court's resolution of the petition. Neither Petitioner nor the Forest Service will adequately protect MVP's interests. Counsel for MVP has conferred with counsel for Petitioner and counsel for Respondents regarding this motion. No party opposes MVP's intervention.

## II.  FACTUAL BACKGROUND

Petitioner seeks review of the Forest Service's Record of Decision. The Record of Decision is one of several governmental actions required to allow MVP to construct the Project—a multi-billion-dollar project consisting of approximately 304 miles of interstate natural gas pipeline and related facilities in West Virginia and Virginia for the provision of timely and affordable access to natural gas in the Mid-Atlantic and Southeast regions.

The Federal Energy Regulatory Commission (FERC) is the federal agency charged with authorizing interstate natural gas pipelines. 15 U.S.C. § 717. But because the Project proposes to cross about 3.5 miles of the Jefferson National Forest (JNF), MVP needed to obtain approvals from federal agencies other than FERC prior to pipeline construction. Together with the Bureau of Land Management's (BLM) decision granting MVP a right of way and temporary use permit, issued on May 18, 2023, the Record of Decision constitutes the final action by the Forest Service and BLM on MVP's renewed application to construct the Project across the JNF following this Court's decision in *Wild Virginia v. United States Forest Service*, 24 F.4th 915 (4th Cir. 2022).[1]

---

[1] On June 3, 2023, President Biden signed into law the Fiscal Responsibility Act (Act). The Act "ratifies and approves all authorizations, permits, verifications, extensions, biological opinions, incidental take statements, and any other approvals or orders issued pursuant to federal law necessary for the construction and initial operation at full capacity of the Mountain Valley Pipeline." Act § 324(c)(1). It also

The Forest Service issued the Record of Decision on May 15, 2023. Roughly two weeks later, Petitioner filed the petition for review.

### III. ARGUMENT

Rule 15(d) requires a party moving for intervention to provide a concise statement of its interest and the grounds for intervention. Fed. R. App. P. 15(d). Rule 15(d) does not provide a standard for intervention so "appellate courts have turned to the rules governing intervention in the district courts under Fed. R. Civ. P. 24." *Sierra Club, Inc. v. EPA*, 358 F.3d 516, 517–18 (7th Cir. 2004); *see also Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. AFL-CIO, Local 283 v. Scofield*, 382 U.S. 205, 217 n.10 (1965); *Texas v. U.S. Dep't of Energy*, 754 F.2d 550, 552 (5th Cir. 1985). Under Rule 24, a movant has a right to intervene if (1) its motion is timely; (2) the movant has an interest in the litigation; (3) the litigation may impair or impede the movant's ability to protect its interest; and (4) the litigation's parties do not adequately represent the movant's interest. Fed. R. Civ. P. 24(a); *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999). MVP satisfies all four requirements.

The timeliness of MVP's motion is indisputable. MVP filed its motion on the next business day after this Court docketed the petition for review. That is well

---

"supersed[es] any other provision of law . . . that is inconsistent with the issuance of any authorization, permit, verification, biological opinion, incidental take statement, or other approval for [MVP]." *Id.* § 324(f).

3

within the 30-day filing requirement for intervention under Rule 15(d). MVP's prompt filing avoids prejudice to the other parties, which is the key factor in evaluating timeliness for intervention. *See Blue Water Baltimore v. Mayor & City Council of Baltimore*, 583 F. App'x 157, 158 (4th Cir. 2014); *Hill v. W. Elec. Co.*, 672 F.2d 381, 386 (4th Cir. 1982).

MVP has two interests sufficient to justify intervention. First, MVP is the recipient of the Record of Decision. *See Ohio Valley Envtl. Coal., Inc. v. U.S. Army Corps of Eng'rs*, 828 F.3d 316, 320–21 (4th Cir. 2016) (describing intervenor's efforts to apply for and receive a federal environmental permit). Second, MVP has a substantial financial interest in the multi-billion dollar Project, which relies on the Record of Decision. Thus, MVP "stand[s] to gain or lose by the direct legal operation of" the Court's decision, *Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991), and this "threat of economic injury" is sufficient to justify intervention. *JLS, Inc. v. Pub. Serv. Comm'n of W. Va*, 321 F. App'x 286, 290 (4th Cir. 2009) (quotation omitted).

This litigation may impair or impede MVP's interests in two ways. First, if Petitioner's challenge is successful, then the Record of Decision issued to MVP for the Project may be invalidated. *See Ohio Valley Envtl. Coal.*, 828 F.3d at 321 (observing that a permitee "intervened to protect its interest in the permit's continued validity"). Second, the disposition of this review petition threatens an unfavorable

4

decision with respect to the Record of Decision, which could create adverse precedent for MVP's efforts with the Project. *See United States v. S. Fla. Water Mgmt. Dist.*, 922 F.2d 704, 709 (11th Cir. 1991); *U.S. ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1396 (9th Cir. 1992); *Atlantis Dev. Corp. v. United States*, 379 F.2d 818, 829 (5th Cir. 1967).

The parties to this review proceeding do not adequately represent MVP's interests. Clearly the Petitioner does not adequately represent MVP's interests—it generally opposes the Project and specifically seeks to invalidate the Forest Service's Record of Decision. The Forest Service also does not adequately represent MVP's interests. Courts frequently recognize that governmental agencies do not adequately represent the financial interests of private intervenors, even if the intervenor would seek to defend the agency's action. *See Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 736 (D.C. Cir. 2003); *Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1259 (11th Cir. 2002); *Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994); *see also Driftless Area Land Conservancy v. Huebsch*, 969 F.3d 742, 748 (7th Cir. 2020) ("[T]he transmission companies are entitled to participate as parties to this litigation to protect their private investment in this massive energy project. Their interests are independent of and different from the [public] Commission's in several important respects."). Further, the Forest Service might choose litigation strategies, such as agreeing to settle or choosing not to appeal an adverse ruling in

5

this Court, that conflict with MVP's interests. *See JLS, Inc.*, 321 F. App'x at 290–91 ("[I]f Movants' intervention is denied, [the state agency] could settle this case in a manner that could harm Movants' interests."); *Feller v. Brock*, 802 F.2d 722, 730 (4th Cir. 1986) (favoring intervention over participation as amicus curiae because "[a]micus participants are not able to make motions or to appeal"). Finally, the Forest Service may be unwilling to make arguments that MVP would present, such as the limits of an agency's statutory or regulatory authority. *See JLS, Inc.*, 321 F. App'x at 291 ("Movants have also advanced some significant legal points that [the state agency] did not present.").

Permissive intervention under Rule 24 is also appropriate. Courts allow permissive intervention when (1) the motion is timely; (2) it reflects a claim or defense with a question of law or fact in common with the main action; and (3) will not prejudice the rights of the original parties or cause undue delay. Fed. R. Civ. P. 24(b); *In re Sierra Club*, 945 F.2d 776, 779 (4th Cir. 1991). MVP satisfies all three requirements. MVP's motion is timely because it is filed within the 30-day filing requirement for intervention under Rule 15(d). Further, the review petition's purpose is to challenge the Record of Decision, and MVP aims to defend it vigorously. Finally, MVP's prompt filing avoids prejudice to the other parties because, if granted, MVP will participate on the same briefing and oral argument schedule as the Forest Service.

6

## IV. CONCLUSION

MVP satisfies the requirements for intervention of right and permissive intervention under Rule 24 of the Federal Rules of Civil Procedure. MVP has stated its interest and demonstrated its grounds for intervention as required by Rule 15(d) of the Federal Rules of Appellate Procedure. For these reasons, and because no party opposes this motion, MVP respectfully requests that it be granted leave to intervene as a respondent.

Dated: June 5, 2023

Respectfully submitted,

 /s/ George P. Sibley, III

George P. Sibley, III
gsibley@hunton.com
HUNTON ANDREWS KURTH LLP
951 E. Byrd St.
Richmond, VA 23219
Telephone: (804) 788-8716
Facsimile: (804) 343-4733

*Counsel for Mountain Valley Pipeline, LLC*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the type-face requirements of Fed. R. App. P. 32(a)(5) and the type-volume limitations of Fed. R. App. P. 27(d)(2)(A). This motion contains 1,464 words, excluding the parts of the motion excluded by Fed. R. App. P. 27(d)(2) and 32(f).

/s/ George P. Sibley, III
*Counsel for Mountain Valley Pipeline, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2023, I electronically filed the foregoing **Mountain Valley Pipeline, LLC's Unopposed Motion for Leave to Intervene as Respondent** with the Clerk of Court using the CM/ECF System which will automatically send e-mail notification of such filing to all counsel of record.

    /s/ George P. Sibley, III
*Counsel for Mountain Valley Pipeline, LLC*