No. 23-1592 (L)
(consolidated with No. 23-1594)

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

THE WILDERNESS SOCIETY
*Petitioner*,

v.

UNITED STATES FOREST SERVICE, et al.,
*Respondents*,

&

MOUNTAIN VALLEY PIPELINE, LLC,
*Intervenor*

**PETITIONER'S REPLY IN SUPPORT OF MOTION FOR TEMPORARY ADMINISTRATIVE STAY**

Petitioner The Wilderness Society ("Petitioner") seeks a temporary administrative stay to preserve the status quo and "permit time for the court to fully consider" Petitioner's pending motion for a stay pending review. *Sierra Club v. U.S. Army Corps of Eng'rs*, No. 20-2039 (4th Cir. Oct. 16, 2020) (order granting temporary administrative stay). Petitioner has shown that a temporary administrative stay is necessary due to the high-impact construction scheduled to

1

commence next week on the Jefferson National Forest ("Forest"). ECF No. 32-1 at 5–6.

In reply to the responses of Respondents Bureau of Land Management and United States Forest Service, et al., ("Federal Respondents"), ECF No. 36, and Intervenor Mountain Valley Pipeline, LLC ("Mountain Valley"), ECF No. 35, Petitioner makes the following points:

1. *Jurisdiction*. Federal Respondents and Mountain Valley argue—relying on Section 324 of the Fiscal Responsibility Act—that the Court has no authority to enter a temporary administrative stay. They are wrong. To start, Section 324 is unconstitutional for the reasons Petitioner, ECF No. 22-1, members of Congress, ECF No. 27-1, and federal courts scholars, ECF No. 28-1, have explained.

More importantly for now, though, the Court plainly has the jurisdiction and authority to enter a temporary administrative stay while it considers the effect of Section 324 and whether a stay pending review should issue. The Court "always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002). And the Court has the power pursuant to its inherent docket-management authority and the All Writs Act to enter a temporary administrative stay while it exercises that jurisdiction. *See* Rachel Bayefsky, *Administrative Stays:*

*Power and Procedure*, 97 Notre Dame L. Rev. 1941, 1960–64 (2022) (discussing sources of authority to enter temporary administrative stays).

If anything, the important constitutional questions surrounding Section 324 counsel in favor of the deliberative approach that a temporary administrative stay would promote. *See June Med. Servs., LLC v. Gee*, 139 S. Ct. 661, 661 (2019) (entering temporary administrative stay to afford Supreme Court "time to review" filings concerning abortion restrictions). Far from suggesting that a temporary administrative stay *should not* issue, the questions about Section 324 demonstrate why one *should*.

2.     *Timeliness*. Federal Respondents and Mountain Valley argue that Petitioner waited too long to seek a temporary administrative stay. But Petitioner sought a temporary administrative stay only once it was clear that one would be necessary—after learning that Mountain Valley plans to commence high-impact construction on the Forest next Wednesday. *See* ECF No. 32 at 3́–5 (describing timeline and necessity for seeking a stay and temporary administrative stay in this case). Mountain Valley's various public statements about its route-wide construction timeline could not have alerted Petitioner to the schedule for construction on the Forest specifically, which Mountain Valley itself has called "a small portion of the pipeline right-of-way." ECF No. 25-16 at 3. Petitioner made every reasonable effort to avoid the need for a temporary administrative stay, and

3

explicitly refrained from requesting one at the time of filing Petitioner's underlying motion for a stay pending review before the exact timeline for construction was known. *See* ECF No. 25-1 at 5 n.3. Further, Petitioner has voluntarily committed to an accelerated schedule for its anticipated reply in support of the underlying motion for a stay pending review. ECF No. 32-1 at 6. Nothing about this motion for a temporary administrative stay has been dilatory.

3.     *Other Issues*. Federal Respondents and Mountain Valley recite a litany of reasons why they think a stay pending review should not be granted. They are wrong, but more importantly their arguments are collateral to this motion for a temporary administrative stay. *See, e.g.*, *Nat'l Urb. League v. Ross*, 977 F.3d 698, 700–01 (9th Cir. 2020) ("[A]n administrative stay 'is only intended to preserve the status quo until the substantive motion for a stay pending appeal can be considered on the merits, and does not constitute in any way a decision as to the merits of the motion for stay pending appeal.'" (quoting *Doe #1 v. Trump*, 944 F.3d 1222, 1223 (9th Cir. 2019)). At most, Federal Respondents and Mountain Valley demonstrate once again why a temporary administrative stay *should* issue: "to permit time for the court to fully consider" Petitioner's underlying motion for a stay pending review. *Sierra Club v. U.S. Army Corps of Eng'rs*, No. 20-2039 (4th Cir. Oct. 16, 2020).

//

DATED: July 7, 2023

        Respectfully submitted,

        /s/ Spencer Gall
        Spencer Gall
        Gregory Buppert
        Southern Environmental Law Center
        120 Garrett Street, Suite 400
        Charlottesville, VA 22902
        Telephone: (434) 977-4090
        Email: sgall@selcva.org

        *Counsel for The Wilderness Society*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1), I certify that this motion complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(C). This motion contains 731 words, excluding the parts of the motion excluded by Fed. R. App. P. 27(d)(2) and 32(f).

I further certify that this response complies with the type-face requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in Times New Roman 14-point font using Microsoft Word.

/s/ Spencer Gall
Spencer Gall
Southern Environmental Law Center

## CERTIFICATE OF SERVICE

I certify that on July 7, 2023, I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system. The participants in this case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system. *See* Local Rule 25(a)(4).

/s/ Spencer Gall
Spencer Gall
Southern Environmental Law Center